## PENNSYLVANIA RUBBER CO. v. DREADNAUGHT TIRE & RUBBER CO.

(Circuit Court of Appeals, Third Circuit. February 12, 1916.)

No. 2054.

1. TRADE-MARKS AND TRADE-NAMES ⬳79—UNLAWFUL COMPETITION.
    Where a bill alleging unfair competition made no mention of any trade-marks of complainant, or the violation thereof, and it appeared that, when complainant called defendant's attention to defendant's alleged violation of its rights, no mention was made of the use of any alleged trade-mark, the case would be treated as one of alleged unfair competition, though argued as though it involved a trade-mark.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 89, 90; Dec. Dig. ⬳79.]

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. TRADE-MARKS AND TRADE-NAMES ☞93—UNFAIR COMPETITION—IMITATION.
Where it did not appear that any intending purchaser of complainant's automobile tire had been misled, or could be misled, by the markings of defendant's tire, into buying defendant's tire under the belief that he was getting complainant's, no case of unfair competition was established.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 104–106; Dec. Dig. ☞93.]

Appeal from the District Court of the United States for the District of Delaware; Edward G. Bradford, Judge.

Suit by the Pennsylvania Rubber Company against the Dreadnaught Tire & Rubber Company. From a decree (225 Fed. 138) for complainant for insufficient relief, it appeals. Affirmed.

Christy & Christy, of Pittsburgh, Pa., and Ward, Gray & Neary, of Wilmington, Del., for appellant.

Harry F. Karr, of Baltimore, Md., and Marvel, Marvel & Wolcott, of Wilmington, Del., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

PER CURIAM. [1] In this bill the Pennsylvania Rubber Company, averring itself a corporation of Pennsylvania, and the amount in controversy exceeding $3,000, charged the Dreadnaught Tire & Rubber Company with unfair competition in the sale of automobile tires. Although the case was discussed in this court as involving a trade-mark, it will be observed that no mention of any trade-marks of complainant, or the violation thereof, are alleged in the bill, and, as noted in the opinion below, when the plaintiff called the defendant's attention to the alleged violation of its rights, no mention was made of the use of any alleged trade-mark. Accordingly, we treat the case as one of alleged unfair competition.

On final hearing, the court below, in an opinion reported at 225 Fed. 138, held the Dreadnaught Company was guilty of unfair competition in its markings and sale of certain tires known in the trade as "seconds," and entered a perpetual injunction enjoining such markings. From this part of the decree the Dreadnaught Company has not appealed. As to the other acts complained of, viz., the sale of other tires, the court held "that, unless in connection with the sale and disposition of the defendant's 'seconds,' the bill cannot be sustained," and entered a decree "that in other respects the bill of complaint be and the same is hereby dismissed." From such part of the decree the plaintiff took this appeal.

[2] The testimony has had our careful attention, for the case turns on the question whether the markings on the defendant's tires caused confusion of product or misleading of customers. The proofs fail to show that any intended purchaser of complainant's tire has been misled, and we are satisfied that no purchaser could be misled by defendant's markings into buying one of defendant's tires under the belief he was getting complainant's. In that regard, Judge Bradford well said:

"The package containing the complainant's tire has on each side in large and unmistakable type the word 'Pennsylvania' in connection with the monogram hereinbefore mentioned. The package containing the defendant's tire is of a different color and has running completely around its periphery the words and figures 'Dreadnaught Tires 5000 Miles' several times repeated. It is quite as difficult to conceive that any ordinarily intelligent and careful purchaser should be misled by the package of the defendant into a false belief as to its contents as that he should be deceived by seeing the defendant's tire when unwrapped. There is not the slightest evidence so far as the appearance of the defendant's tire or its package is concerned of any design or intention on its part that either of them should be mistaken for the tire or package of the complainant. It is further to be observed that it is reasonable to expect closer attention on the part of a retail purchaser to such articles as automobile tires than to pocket knives or packages of chewing gum. Further, nowhere in the circulars, advertisements or other literature of the defendant is there disclosed anything intended or calculated to deceive or create. confusion in the minds of the purchasing public as to the origin or ownership of its tires. Distinguishing words are so used as to prevent deception or misunderstanding. Still further, it does not appear from the evidence that there was any case in which one desiring to purchase the complainant's tire was misled into a belief by the appearance of the defendant's tire or its package that the defendant's tire was that of the complainant. I am satisfied that unless in connection with the sale and disposition of the defendant's 'seconds' the bill cannot be sustained."

No present or prospective confusion of product being shown, and the court below having fully and satisfactorily discussed the case, we refrain from needless repetition and restrict ourselves to adopting its opinion and affirming its decree, with this addition, that the bill be dismissed without prejudice to complainant's right to renew the same, if any confusion of goods should hereafter develop in the course of trade.